UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TIMOTHY J. FRIES | ) | CASE NO.: 10-30123(1)(7) |
| KAREN MICHELLE FRIES | ) | |
| Debtor(s) | ) | |
| | ) | |
| CRESCENT CENTRE APARTMENTS | ) | AP NO.: 10-3016 |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TIMOTHY J. FRIES, et al. | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the First Motion to Dismiss Adversary Proceeding of Defendants/Debtors Timothy and Michelle Fries and the Motion to Amend the Complaint of Plaintiff Crescent Centre Apartments. For the following reasons, the Court will **GRANT** the Motion to Dismiss and **DENY** the Motion to Amend the Complaint of Crescent Centre.

### PROCEDURAL BACKGROUND

On January 13, 2010, Debtors Timothy and Michelle Fries ("Debtors") filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

On February 25, 2010, Plaintiff Crescent Centre Apartments ("Crescent Centre") filed this adversary proceeding against the Debtors. The Complaint states that Crescent Centre is the holder of a secured and unsecured claim against Debtor Timothy Fries based on a Judgment it obtained

against Timothy Fries in the Jefferson Circuit Court, Action No. 07-CI-010685, in the amount of $72,410, plus interest at 12% per annum ("the State Court Judgment").  The Complaint asserts that the State Court Judgment arose in connection with a conversion claim against Timothy Fries after Crescent Centre paid him $200,000 to act as a general contractor on a project known as the Crescent Centre Apartments.  The Complaint further alleges that Timothy Fries worked under the name Conarc, Inc. and took funds from Crescent Centre, but failed to pay the subcontractors on the project.  The only cause of action stated in the Complaint is one for entry of a judgment of nondischargeability pursuant to 11 U.S.C. §727(a)(4)(c) based on Timothy Fries' alleged fraud. The prayer for relief also seeks a monetary judgment against Defendant Timothy Fries.  No allegations are asserted against Michelle Fries, other than an allegation that she is responsible for the debts of Conarc, Inc., a dissolved corporation.

On April 16, 2010, Debtors filed their Answer to the Complaint.

The deadline to file a complaint objecting to discharge or to determine dischargeability of certain debts was April 19, 2010.

On May 4, 2010, the Debtors filed the First Motion to Dismiss Complaint based on their claim that no relief can be granted under 11 U.S.C. §727(a)(4)(c) and that no allegations are asserted against Debtor Michelle Fries.

On May 25, 2010, Crescent Centre moved to file an Amended Complaint asserting the same factual allegations but changing the cause of action to one under 11 U.S.C. §523(a)(4).  The Amended Complaint, however, still seeks to invoke jurisdiction under 11 U.S.C. §727, but seeks a judgment against both Debtors in the amount of $72,410.

**LEGAL ANALYSIS**

Crescent Centre contends that the Debtors waived their right to raise the defense of failure to state a claim in the Motion to Dismiss because their Answer was filed before the Motion to Dismiss was filed. Relief under Fed. R. Bankr. P. 12(b)(6) must be raised before a responsive pleading is filed. In re Coletta, 391 B.R. 691 (Bankr. E.D. N.Y. 2008). However, a defense of failure to state a claim may be raised in a Fed. R. Bankr. P. 12(c) motion pursuant to Fed. R. Bankr. P. 12(h)(2). Debtors raised failure to state a claim as a defense in their Answer and the Court will treat the Motion to Dismiss as one for Judgment on the Pleadings pursuant to Fed. R. Bankr. P. 12(h). The defense has not been waived.

The standards in considering a motion for judgment on the pleadings are the same as those for a motion to dismiss under Rule 12(b)(6). In re Mitchell, 247 B.R. 713 (Bankr. S.D. Ohio 2000). To survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. V. Twombly, 550 U.S. 544 (2007). The court may grant a motion to dismiss when "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

Debtors' defense of failure to state a claim for relief is well taken. The allegations of the Complaint do not state a cause of action under 11 U.S.C. §727(a)(4)(c). This Section of the Bankruptcy Code applies only to fraudulent actions "in connection with the case . . .", not actions that may have occurred prior to the commencement of the case. See, In re Tyrrell, 363 B.R. 581 (Bankr. D. N.D. 2005) and In re Riposo, 59 B.R. 563 (Bankr. N.D. N.Y. 1986). The facts alleged

in the original Complaint do not relate to any alleged actions in connection with the case and do not state a claim for relief under 11 U.S.C. §727 as a matter of law. The Motion to Dismiss must be granted.

Crescent Centre, however, seeks leave to amend the Complaint using the same factual allegations, but restating the relief sought under 11 U.S.C. §523(a)(4). Rule 7015(a) of the Federal Rules of Bankruptcy Procedure provides that leave to amend pleadings should be freely given by the court "when justice so requires." In this case, the Court cannot permit the amendment. As Debtors correctly note, a complaint under §727 cannot be amended to add a new claim under §523 after the deadline for filing nondischargeability actions has passed. In re Brown, 224 B.R. 595 (Bankr. W.D. Ky. 1998). In this case, the motion to amend the complaint to assert a claim under §523 was filed after the deadline for filing nondischargeability actions had passed. Even though no new facts are alleged, this Court has repeatedly refused to allow a proposed amended complaint to relate back to the original filing date where the amendment is not made prior to the bar date. See, In re Hargis, 44 B.R. 225 (Bankr. W.D. Ky 1984); In re Fehrle, 34 B.R. 974 (Bankr. W.D. Ky 1983); and In re Channel, 29 B.R. 316 (Bankr. W.D. Ky. 1983). This is because the two actions have such "gross differences" as to the type, measure and burden of proof, as well as differing legal effects on the debtors should judgment be entered in favor of the plaintiff. Brown, 224 B.R. 598. Accordingly, even though the factual allegations of the amendment are the same as those of the original complaint, the Court no longer has jurisdiction to decide the nondischargeability of a particular debt. The Motion for Leave to File an Amended Complaint must be denied.

## CONCLUSION

For all of the above reasons, the Court will enter an Order **GRANTING** the Motion to Dismiss of Debtor/Defendants Timothy and Michelle Fries and **DENYING** the Motion to Amend the Complaint of Plaintiff Crescent Centre Apartments.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TIMOTHY J. FRIES | ) | CASE NO.: 10-30123(1)(7) |
| KAREN MICHELLE FRIES | ) | |
| Debtor(s) | ) | |
| | ) | |
| CRESCENT CENTRE APARTMENTS | ) | AP NO.: 10-3016 |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TIMOTHY J. FRIES, et al. | ) | |
| Defendant(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the First Motion to Dismiss Adversary Proceeding of Debtors/Defendants Timothy J. and Michelle Fries is **GRANTED and this Adversary Proceeding is dismissed.**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion to Amend the Complaint of Plaintiff/Creditor Crescent Centre Apartments, be and hereby is, DENIED.

This is a final and appealable Order and there is no just reason for delay.